**Hearing Date and Time:  May 29, 2012, at 2:00 p.m. (Eastern Time)**
**Objection Deadline:  April 23, 2012, at 4:00 p.m. (Eastern Time)**

DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Michael J. Sage
Shmuel Vasser
Davin J. Hall

Proposed Attorneys for the
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|  |  :  |  |
| In re: | : | Chapter 11 |
|  | : |  |
| VELO HOLDINGS INC., et al., | : | Case No. 12-11384 (MG) |
|  | : |  |
| Debtors. [1] | : | Jointly Administered |

-------------------------------------------------------------X

**NOTICE OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND**
**RETAIN DECHERT LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS**
**IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Application for*

*Authorization to Employ and Retain Dechert LLP as Attorneys for the Debtors and Debtors in*

*Possession Effective Nunc Pro Tunc to the Petition Date* (the "Application") will be held before

the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court

---

[1]  The Debtors in these cases along with the last four digits of their federal tax identification number
are: Velo Holdings Inc. (3155), V2V Holdings LLC (8801), Coverdell & Company, Inc. (4660), V2V
Corp. (0857), LN, Inc. (8759), FYI Direct Inc. (2491), Vertrue LLC (6882), Idaptive Marketing LLC
(3362), My Choice Medical Holdings, Inc. (5870), Adaptive Marketing LLC (6882), Interactive
Media Group (USA) Ltd. (1016), Brand Magnet, Inc. (8978), Neverblue Communications, Inc.
(7832), and Interactive Media Consolidated Inc. (0774).

for the Southern District  of New York (the "Court"), One Bowling Green, Courtroom No. 501,

New York, New York  10004-1408, on **May 29, 2012, at 2:00 p.m., prevailing Eastern Time.**

           **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the

relief requested in the Application shall conform to the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), all General Orders and Local Bankruptcy Rules of the Court, and the

*Administrative Order Establishing Case Management Procedures* [Docket No. 46] (the "Case

Management Order") approved by the Court; shall set forth in writing describing the basis

therefore; shall be filed electronically with the Court on the docket of *In re Velo Holdings Inc.*,

Case 12-11384 (MG), pursuant to the Court's General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all parties

in interest on a 3.5 inch disk, preferably in portable document format ("PDF"), Microsoft Word,

or any other Windows-based word processing format (*with a hard copy delivered directly to*

*Chambers*) and served in accordance with General Order M-242 or otherwise so as to be actually

received no later than **4:00 p.m. (Prevailing Eastern Time) on April 23, 2012** by (i) the

Chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York, 10004;

(ii) Dechert LLP, Attorneys for the Debtors, 1095 Avenue of the Americas, New York, New

York  10036 Attn: Michael J. Sage, Shmuel Vasser, and Davin J. Hall; (iii) Office of the United

States Trustee, 33 Whitehall Street, New York, New York  10004, Attn: Paul Schwartzberg; (iv)

Willkie Farr & Gallagher LLP, Attorneys for the Postpetition Facility Agent and First Lien

Facility Agent, 787 Seventh Avenue, New York, New York  10019, Attn:  Margot B. Schonholtz

and Ana M. Alfonso; (v) Sidley Austin LLP, Attorneys for the Second Lien Facility Agent, 787

Seventh Avenue, New York, New York  10019, Attn: James P. Seery, Jr. and Lee S. Attansio;

and (vi) Cooley LLP, Attorneys for the Official Committee of Unsecured Creditors, 1114

Avenue of the Americas, New York, New York  10036, Attn: Jeffrey L. Cohen (the foregoing

parties, collectively, the "Notice Parties").

        **PLEASE TAKE FURTHER NOTICE** that only those responses that are timely

filed, served, and received will be considered at the hearing.  Failure to file a timely objection

may result in entry of a final order granting the Application as requested by the Debtors.

Dated:    April 12, 2012
        New York, New York

        */s/ Michael J. Sage*
        Michael J. Sage
        Shmuel Vasser
        Davin J. Hall
        DECHERT LLP
        1095 Avenue of the Americas
        New York, New York  10036
        Telephone:  (212) 698-3500
        Facsimile:  (212) 698-3599
        Email:  michael.sage@dechert.com
                shmuel.vasser@dechert.com
                davin.hall@dechert.com

        *Proposed Attorneys for the Debtors*
        *and Debtors in Possession*

**Hearing Date and Time:  May 29, 2012, at 2:00 pm (ET)**
**Objection Deadline:  April 23, 2012, at 4:00 pm (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
                                                          :
In re:                                                    :         Chapter 11
                                                          :
VELO HOLDINGS INC., et al.,                               :         Case No. 12-11384 (MG)
                                                          :
                           Debtors. [1]                   :         Jointly Administered
----------------------------------------------------------X

**DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN**
**DECHERT LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS**
**IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1]    The Debtors in these cases along with the last four digits of their federal tax identification number
       are: Velo Holdings Inc. (3155), V2V Holdings LLC (8801), Coverdell & Company, Inc. (4660), V2V
       Corp. (0857), LN, Inc. (8759), FYI Direct Inc. (2491), Vertrue LLC (6882), Idaptive Marketing LLC
       (3362), My Choice Medical Holdings, Inc. (5870), Adaptive Marketing LLC (6882), Interactive
       Media Group (USA) Ltd. (1016), Brand Magnet, Inc. (8978), Neverblue Communications, Inc.
       (7832), and Interactive Media Consolidated Inc. (0774).

Table of Contents

Page

JURISDICTION ............................................................................................................................ 1

BACKGROUND ........................................................................................................................... 1

RELIEF REQUESTED................................................................................................................ 2

BASIS FOR RELIEF ................................................................................................................... 2

DECHERT'S QUALIFICATIONS ............................................................................................. 3

SERVICES TO BE PROVIDED ................................................................................................ 4

PROFESSIONAL COMPENSATION ....................................................................................... 5

DECHERT'S DISINTERESTEDNESS ..................................................................................... 8

NOTICE......................................................................................................................................... 8

NO PRIOR REQUEST ................................................................................................................ 9

CONCLUSION.............................................................................................................................. 9

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit 1, authorizing the Debtors to employ and retain Dechert LLP ("Dechert") as their attorneys effective *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Michael J. Sage, a partner at Dechert (the "Sage Declaration"), which is attached hereto as Exhibit 2. In further support of the Application, the Debtors respectfully state as follows.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). Venue of these cases and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

2.      On the April 2, 2012 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in any of the Debtors' cases.

16870088

3.      Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these chapter 11 cases is contained in the Declaration of

Lorraine DiSanto Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions

(the "First Day Declaration") filed on the Petition Date.[1]

**RELIEF REQUESTED**

4.      By this Application, the Debtors seek the entry of an Order authorizing the

employment and retention of Dechert as their global bankruptcy and restructuring counsel

pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and

2016(b), and Local Bankruptcy Rule 2014-1.

**BASIS FOR RELIEF**

5.      The Debtors seek retention of Dechert as their attorneys pursuant to section

327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C. § 327(a); see also Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d

610, 622 (2d Cir. 1999) ("First, the statute provides that counsel may 'not hold or represent an

interest adverse to the estate;' second, counsel must be a 'disinterested person.'"). Cf. In re MF

Global Inc., 464 B.R. 594, 600 (Bankr. S.D.N.Y. 2011) (discussing disinterestedness standard,

among other things).

6.      Rule 2014(a) of the Bankruptcy Rules requires that an application for retention

include:

---
[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First
Day Declaration.

2

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014.

7.      The Debtors submit that for all the reasons stated herein and in the Sage

Declaration, the retention of Dechert as counsel to the Debtors is warranted.  Further, as stated in

the Sage Declaration, Dechert is a "disinterested person" within the meaning of section 101(14)

of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not

hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors,

their creditors or their related parties except as may be disclosed in the Sage Declaration.

### DECHERT'S QUALIFICATIONS

8.      In order to facilitate the completion of these cases, the Debtors require the

services of attorneys with knowledge and experience in numerous areas of the law.  The Debtors

seek to retain Dechert because of Dechert's recognized expertise and extensive experience and

knowledge in the fields of debtors' protections, creditors' rights, and business reorganizations

under chapter 11 of the Bankruptcy Code, as well as corporate finance, litigation, tax and general

corporate matters.  Moreover, the Debtors are charged with certain duties pursuant to section

1107 of the Bankruptcy Code.  Because of the complexity of the Debtors' business and the

transactions likely to arise in these proceedings, the services of Dechert will be necessary for the

Debtors to successfully discharge such duties.

9.      Dechert has been actively involved in chapter 11 cases and has represented

debtors in many cases, including, among others: In re Arclin US Holdings Inc., Case No. 09-

3

12628 (KJC) (Bankr. Del. July 27, 2009); In re AGT Acquisition Wind-Down LLC, Case No.

09-12889 (REG) (Bankr. S.D.N.Y. May 6, 2009); In re Jancor Cos., Case No. 08-12556 (MFW)

(Bankr. Del. Oct. 30, 2008); In re Inland Fiber Group, LLC, Case No. 06-10884 (KJC) (Bankr.

Del. Aug. 18, 2006); In re Bayou Group, LLC, Case No. 06-22306 (RDD) (Bankr. S.D.N.Y.

May 30, 2006).[2]

10.     In preparing for its representation of the Debtors in these chapter 11 cases,

Dechert has become familiar with the Debtors' businesses and many of the potential legal issues

that may arise in the context of these chapter 11 cases.  The Debtors believe that Dechert is both

well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient

and timely manner.

## SERVICES TO BE PROVIDED

11.     Subject to an order of the Court, Dechert shall render all necessary and required

legal services, including the following services:

    a.     advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    b.     advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.     attending meetings and negotiating with representatives of creditors and other parties in interest;

    d.     taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

---

[2]     Because of the voluminous nature of the orders cited herein, they are not attached to this Application. Copies of these orders are available on request of Dechert.

e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.      advising the Debtors in connection with any potential sale of assets;

h.      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.      advising the Debtors regarding tax matters;

j.      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

## PROFESSIONAL COMPENSATION

12.      Dechert intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 established by the U.S. Trustee (the "U.S. Trustee Guidelines"), and any other applicable procedures and orders of the Court, on an hourly basis. The hourly rates and corresponding rate structure Dechert will use in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure that Dechert predominantly uses for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other

5

complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

13.     Dechert's hourly rates are set at a level designed to compensate Dechert fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, Dechert's current hourly rates for matters related to these chapter 11 cases range as follows:

| Partners and Counsel | $570 - $1,060 |
|---|---|
| Associates | $395 - $685 |
| Paraprofessionals | $145 - $315 |

14.     It is Dechert's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Dechert's policy to charge its clients only the amount actually incurred by Dechert in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging.

15.     In addition, Dechert professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices, subject to U.S. Trustee Guidelines and the local rules. Dechert will not charge the estates for any services rendered by any summer associates during the pendency of these cases.

16.     Dechert currently charges $0.10 per page for standard duplication in its offices in the United States. Westlaw and Lexis legal research is charged according to a percentage

6

equation based on the flat fee charged to Dechert for research.  Of the costs charged to clients for online legal research, all of the costs are pass through costs.

17.    Dechert is not a creditor of the Debtors.  During the 12 month period prior to the commencement of these cases, Dechert received an aggregate of $3,067,643.81 (including an advance retainer) for professional services performed and reimbursement of expenses incurred in connection with Dechert's representation of the Debtors.  Within the 90 days prior to the Petition Date, Dechert received approximately $2,106,483.13 from the Debtors.  As of the Petition Date, Dechert holds approximately $375,000 of an advance retainer (the "Retainer"), subject to continuing reconciliation.[3]  This retainer has not been fully exhausted since the initial deposit was made on December 9, 2011.  A description of the Retainer and payments made by the Debtors within 90 days prior to the commencement of the Debtors' cases is set forth in the Sage Declaration.

18.    Dechert intends to apply such Retainer to any outstanding amounts relating to the period prior to the Petition Date which were not processed through Dechert's billing system as of the Petition Date, and to retain the balance on account of services rendered and expenses incurred subsequent to the Petition Date, for application upon entry of any final fee application granted in these cases.

---

[3]    Certain of the prepetition payments reflect the payment of estimated, rather than actual, fees and expenses for the applicable invoice period.  Any prepetition payments in excess of Dechert's actual fees and expenses for the applicable invoice period will be added to, and treated as part of, the Retainer.  Any shortfall in the prepetition payments compared to Dechert's actual fees and expenses will result in an application, and corresponding reduction in the amount of the Retainer.  Accordingly, the amount of the Retainer remaining after (a) the reconciliation of any estimated prepetition payments and (b) the application of the prepetition payments or the Retainer to Dechert's actual fees and expenses for the prepetition period may differ from the amount reported above.  Dechert will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of the Court.

7

19.    Pursuant to Bankruptcy Rule 2016(b), Dechert has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Dechert or (b) any compensation another person or party has received or may receive.

### DECHERT'S DISINTERESTEDNESS

20.    To the best of the Debtors' knowledge and except as disclosed herein and in the Sage Declaration, (a) Dechert is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Dechert has no connection to the Debtors, its creditors, or its related parties except as may be disclosed in the Sage Declaration.

21.    Dechert will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Dechert will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### NOTICE

22.    Notice of this Application has been provided to: (i) the Office of the United States Trustee for Region 2, serving the Southern District of New York, (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) the proposed postpetition facility agent; (iv) the administrative agent under the Debtors' first lien credit facility; (v) counsel to the administrative agent under the Debtors' first lien credit facility; (vi) the administrative agent under the Debtors' second lien credit facility; (vii) counsel to the administrative agent under the Debtors' second lien credit facility; (viii) the Internal Revenue

8

Service; (ix) the Securities and Exchange Commission; (x) the United States Attorney's Office; and (xi) the United States Attorney General.  In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.  The Debtors have provided notice to all entities believed to have claimed or may claim an interest in the subject matter of the proposed order or which otherwise would be affected by the proposed order.

## NO PRIOR REQUEST

23.    No prior request for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Sage Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:    April 12, 2012
          New York, New York

V2V Holdings LLC, on behalf of itself and its affiliated Debtors and Debtors-in-Possession

/s/  Lorraine DiSanto

Name: Lorraine DiSanto
Title:   Chief Financial Officer and Chief Operating Officer

**EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                  :
In re:                                            :          Chapter 11
                                                  :
VELO HOLDINGS INC., et al.,                       :          Case No. 12-11384 (MG)
                                                  :
                          Debtors. [1]            :          Jointly Administered
-------------------------------------------------------------X

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DECHERT LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application"),[2] of the Debtors, pursuant to sections 327(a) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) and 2016(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for

authorization to employ and retain Dechert LLP ("Dechert") as their attorneys in these chapter

11 cases effective *nunc pro tunc* to the Petition Date, all as more fully described in the

Application; and upon consideration of the *Declaration of Michael J. Sage, Pursuant to Sections*

*327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and*

*Local Bankruptcy Rule 2014-1, in Support of Debtors' Application for Authorization to Employ*

*and Retain Dechert LLP as Attorneys for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the

"Sage Declaration") in support of the Application; and the Court having jurisdiction to consider

the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and

---

[1]    The Debtors in these cases along with the last four digits of their federal tax identification number are: Velo Holdings Inc. (3155), V2V Holdings LLC (8801), Coverdell & Company, Inc. (4660), V2V Corp. (0857), LN, Inc. (8759), FYI Direct Inc. (2491), Vertrue LLC (6882), Idaptive Marketing LLC (3362), My Choice Medical Holdings, Inc. (5870), Adaptive Marketing LLC (6882), Interactive Media Group (USA) Ltd. (1016), Brand Magnet, Inc. (8978), Neverblue Communications, Inc. (7832), and Interactive Media Consolidated Inc. (0774).

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

16870088

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided; and it

appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Application (the "Hearing"); and upon the record of the

Hearing, and all of the proceedings had before the Court; and the Court being satisfied that

Dechert represents or holds no interest adverse to the Debtors or their estates and is disinterested

under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that pursuant to sections 327(a) of the Bankruptcy Code, the employment

and retention of Dechert as attorneys for the Debtors is hereby approved, *nunc pro tunc* to the

Petition Date, on the terms and conditions set forth in the Application and in the Sage

Declaration; and it is further

ORDERED that Dechert shall apply for compensation and reimbursement in accordance

with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable

provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by

the Office of the United States Trustee, and such other procedures as may be fixed by order of

this Court; and it is further

ORDERED that ten (10) business days' notice must be provided by Dechert to the

Debtors, the United States Trustee, and counsel to any statutory committee of creditors prior to

any change in Dechert's hourly rates, and such notice must be filed with the Court.  The United

States Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and

the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy

Code.

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from

or relating to the interpretation or implementation of this Order.

Dated: _____, 2012
      New York, New York

                                    _____
                                          MARTIN GLENN
                           UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 2</u>**

**Sage Declaration**

16870088

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                      :

In re:                       :         Chapter 11
                      :

VELO HOLDINGS INC., et al.,     :         Case No. 12-11384 (MG)
                      :

              Debtors.[1]   :         Jointly Administered
-------------------------------------------------------------X

**DECLARATION OF MICHAEL J. SAGE, PURSUANT TO SECTIONS 327(a), 329, AND
504 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016(b),
AND LOCAL BANKRUPTCY RULE 2014-1, IN SUPPORT OF DEBTORS'
APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN DECHERT LLP
AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

        1.      I am a partner of the law firm Dechert LLP ("**Dechert**" or the "**Firm**"),

and practice in its offices located at 1095 Avenue of the Americas, New York, New York. I am

of sound mind, and in all respects qualified to make this Declaration. I submit this declaration

(the "**Declaration**") to provide the disclosure required under rules 2014(a) and 2016(b) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 327(a), 329 and

504 of title 11 of the United States Code (the "**Bankruptcy Code**") in connection with the

application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the

"**Debtors**"), filed contemporaneously herewith, for approval of the Debtors' retention of Dechert

as their attorneys in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pursuant to

---

[1]      The Debtors in these cases along with the last four digits of their federal tax identification number
are: Velo Holdings Inc. (3155), V2V Holdings LLC (8801), Coverdell & Company, Inc. (4660),
V2V Corp. (0857), LN, Inc. (8759), FYI Direct Inc. (2491), Vertrue LLC (6882), Idaptive
Marketing LLC (3362), My Choice Medical Holdings, Inc. (5870), Adaptive Marketing LLC
(6882), Interactive Media Group (USA) Ltd. (1016), Brand Magnet, Inc. (8978), Neverblue
Communications, Inc. (7832), and Interactive Media Consolidated Inc. (0774).

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the
Application.

16870090

sections 327(a) of the Bankruptcy Code.  Unless otherwise stated in this Declaration, I have

personal knowledge of the facts set forth herein.  To the extent any information disclosed herein

requires amendment or modification upon Dechert's completion of further review or as

additional party in interest information becomes available to it, I will submit a supplemental

Declaration to the Court reflecting such amended or modified information.

        2.      Neither I, Dechert, nor any partner, counsel to, or associate of the Firm

represents any entity other than the Debtors in matters related to or in connection with the

Debtors or these Chapter 11 Cases.  In addition, except as set forth herein, to the best of my

knowledge, after due inquiry, neither I, Dechert, nor any member, counsel to, or associate of the

Firm represents any party in interest, with respect to its interest in the Chapter 11 Cases or in

matters related to the Chapter 11 Cases.

**DECHERT DISCLOSURE PROCEDURES**

        3.      Dechert has in the past represented, currently represents, and may in the

future represent entities that are claimants or interest holders of the Debtors in matters unrelated

to the Chapter 11 Cases.  Dechert, which employs approximately 850 attorneys worldwide, has a

large and diversified legal practice that encompasses the representation of, among others, many

financial institutions and corporations.  Some of those entities are, or may consider themselves to

be, creditors or parties in interest in the pending Chapter 11 Cases or to otherwise have interests

in these cases.

        4.      In preparing this Declaration, Dechert used a set of procedures developed

by Dechert to ensure compliance with the requirements of the Bankruptcy Code and the

Bankruptcy Rules regarding the retention of professionals by a debtor under the Bankruptcy

Code (the "**Firm Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, I

2

caused to be performed the following actions to identify the parties relevant to this Declaration

and to ascertain Dechert's connection to such parties:

    a.    A comprehensive list of the types of entities who may have contact with the Debtors was developed through discussions with the Dechert attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "**Retention Checklist**").  Dechert obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and other employees and review of documents provided by the Debtors to Dechert.  Dechert then used that information, together with other information identified by Dechert, to compile a list of the names of entities who may be parties in interest in the Chapter 11 Cases (the "**Potential Parties In Interest**").  A list of the Potential Parties In Interest is attached hereto as __Annex 1__.

    b.    Dechert maintains a master client database as part of its conflict clearance and billing records.  Upon information and belief, the master client database includes the names of the entities for which any attorney time charges have been billed going back into the 1970s (the "**Client Database**").  The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Dechert personnel who are or were responsible for current or former matters for such client.  It is the policy of Dechert that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Dechert.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

    c.    Dechert compared the names of each of the Potential Parties In Interest to client matters in the Client Database.  The names of most Potential Parties In Interest were compared to client matters in the Client Database for which professional time was recorded during the seven years prior to the comparison; however, for some large entities that appear in the Client Database a substantial number of times, the names were compared to client matters for which professional time was recorded during the two years prior to the comparison.[3]  Any matches to names in the Client

---

[3]    Dechert's policy for bankruptcy matters is to compare the names of Potential Parties In Interest as well as, if applicable, the immediate parent companies of Potential Parties In Interest, to the client matters in the Client Database.

Database generated by the comparison were compiled into a list (the "**Match List**").[4]

d.    A Dechert attorney then reviewed the Match List and deleted obvious name coincidences and individuals or entities that were adverse to Dechert's clients in both this matter and the matter referenced on the Match List.

e.    Using information in the Client Database concerning entities on the Match List, and making general and, if applicable, specific inquiries of Dechert personnel, Dechert verified that it does not represent and has not represented any entity on the Match List in connection with the Debtors or the Chapter 11 Cases.

f.    In addition, a general inquiry to all Dechert personnel (attorneys and staff) was sent by electronic mail to determine whether any such individual or any member of his or her household: (i) owns any debt or equity securities of the Debtors; (ii) holds a claim against the Debtors; (iii) is or was an officer, director, or employee of the Debtors; or (iv) is related to or has any connections with Bankruptcy Judges in the Southern District of New York, or to anyone working in the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

## DECHERT'S CONNECTIONS WITH THE DEBTORS

5.    Dechert compiled responses to the foregoing inquiries for the purposes of preparing this Declaration.  Responses to the inquiry described in paragraph 4(f) hereof indicate that no Dechert personnel or member of the household of any Dechert personnel holds any claims against, stock of, or other interests in any of the Debtors[5] and that no such individuals held any significant employment with any of the Debtors.

---

[4]    Dechert continues to review the Match List and will supplement this application with any further disclosures it finds.

[5]    Certain employees and members of the Firm may hold investments in shadow accounts and are therefore unable to ascertain whether they hold securities in any of the Debtors.

**DECHERT'S CONNECTIONS WITH POTENTIAL PARTIES IN INTEREST IN
MATTERS UNRELATED TO THE CHAPTER 11 CASES**

6.      Either I or an attorney working under my supervision reviewed the
connections between Dechert and the clients identified on the Match List and the connections
between those entities and the Debtors and determined, in each case, that Dechert does not hold
or represent an interest that is adverse to the Debtors' estates and that Dechert is a "disinterested
person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by
section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

7.      Dechert previously has represented, currently represents, and may
represent in the future the entities described below (or their affiliates) in matters wholly unrelated
to the Debtors.  The Match List, attached as **Annex 2** hereto, is the product of implementing the
Firm Disclosure Procedures.  An entity is listed as a "Current Client" in Annex 2 if Dechert has
any open matters for such entity or a known affiliate of such entity and attorney time charges
have been recorded on any such matters within the past two years.  An entity is listed as a
"Former Client" on Annex 2 if Dechert represented such entity or a known affiliate of such entity
within the past two years based on recorded attorney time charges on a matter but all matters for
such entity or any known affiliate of such entity have been formally closed, or if Dechert has
previously represented such entity or a known affiliate but no attorney time charges have been
recorded on any such matters within the past two years.[6]

8.      Dechert and certain of its partners, counsel, and associates have in the past
represented, currently represent, and likely in the future will represent One Equity Partners II,

---

[6]     The use of the terms "Current Client" or "Former Client" shall not be viewed as an admission that
any such entity is or is not a client of the Firm, and are not intended to be used to be equivalent to
those terms as defined under the Model Rules of Professional Conduct.  The terms are used to
distinguish entities that appear in the Firm's Client Database based on the time in which the Firm
billed those entities.

L.P. ("**OEP**"), the owner of the majority of the Debtors' equity, and certain entities and affiliates of OEP in matters unrelated to the Debtors and the Debtors' cases. Dechert did previously represent OEP in connection with its acquisition of the Debtors in a 2007 "going private" transaction and continued to represent each of OEP, in its capacity as majority equity holder of the Debtors, and the Debtors until September 2011, when Dechert terminated its representation of OEP in any matters relating to the Debtors. Thus, Dechert's current representation of OEP is in matters unrelated to the Debtors' cases, and Dechert does not and will not represent OEP in this matter or matters related to the Debtors' cases. Based on preliminary estimates of the value of the Debtors' estates from the prepetition marketing process of the Debtors' assets, it is highly improbable that there would be any distribution to equity security holders in these cases, including OEP. In addition, prior to the Petition Date, certain employees of OEP who sat on the board of directors of the Debtors resigned their position as directors of the Debtors. I do not believe that any actual or potential conflict of interest relating to OEP arises or will arise from Dechert's representation of the Debtors. To the extent any conflict would arise between OEP and the Debtors, Quinn Emanuel (as defined below) would handle the matter.

9.     Dechert and certain of its partners, counsel, and associates have in the past represented, currently represent, and likely in the future will represent Barclays Bank plc ("**Barclays**"), the first lien administrative and collateral agent, and certain entities and affiliates of Barclays in matters unrelated to the Debtors and the Debtors' cases. Dechert has obtained a waiver from Barclays via electronic mail, dated as of October 27, 2011 (the "**Barclays Waiver**"), waiving any actual or potential conflict of interest arising from Dechert's

representation of the Debtors, subject to certain terms and conditions.[7]  The Debtors have waived

any actual or potential conflict of interest arising from Dechert's representation of Barclays.

          10.    Dechert and certain of its partners, counsel, and associates have in the past

represented, currently represent, and likely in the future will represent Wilmington Trust, N.A.

("**Wilmington Trust**"), the second lien administrative and collateral agent, and certain entities

and affiliates of Wilmington Trust in matters unrelated to the Debtors and the Debtors' cases.

Dechert has obtained confirmation from Wilmington Trust, dated as of January 10, 2012 (the

"**Wilmington Trust Waiver**"), waiving any actual or potential conflict of interest arising from

Dechert's representation of the Debtors, subject to certain terms and conditions.[8]  The Debtors

have waived any actual or potential conflict of interest arising from Dechert's representation of

Wilmington Trust.

          11.    Dechert and certain of its partners, counsel, and associates have in the past

represented, currently represent, and likely in the future will represent Lehman Brothers

Holdings Inc. and affiliates thereof (collectively, "**Lehman**") in various real estate, bankruptcy,

and other matters unrelated to the Debtors and the Debtors' cases.  Dechert also represents the

former outside directors of Lehman Brothers Holdings Inc. in matters unrelated to the Debtors'

cases.  Dechert understands that a certain Lehman affiliate holds secured debt of the Debtors.  In

numerous retention affidavits filed in Lehman's bankruptcy cases, Dechert has disclosed that it

represents parties in matters adverse to Lehman in matters unrelated to its representation of

Lehman.  In addition, Dechert has received confirmation from Lehman via electronic mail, dated

---

[7]    A copy of the Barclays Waiver is available upon request from the Court or appropriate parties in interest.

[8]    A copy of the Wilmington Trust Waiver is available upon request from the Court or appropriate parties in interest.

as of October 5, 2012 (the "**Lehman Waiver**"), waiving any actual or potential conflict of interest arising from Dechert's representation of the Debtors, subject to certain terms and conditions.[9]  The Debtors have waived any actual or potential conflict of interest arising from Dechert's representation of Lehman.

12.     Each of the foregoing waivers provide that Dechert may represent the Debtors in taking adverse positions against the clients, which could include filing motions that may be adverse to such client's interests, responding to objections, or negotiating with the clients on behalf of the Debtors.  The waivers do not provide that Dechert may represent the Debtors in bringing suit against the clients, such as in an adversary proceeding.  I do not believe there is a significant possibility, if any at all, of the Debtors having to commence such litigation against these clients in these cases.  In the unlikely event any litigation must be commenced against such clients, Quinn Emanuel (as defined below) will do so on behalf of the Debtors.

13.     Dechert and certain of its partners, counsel, and associates have in the past represented, currently represent, and likely in the future will represent certain J.P. Morgan & Chase Co. and certain affiliates thereof ("**JPM**"), in matters unrelated to the Debtors and the Debtors' cases.  The Debtors have banking relationships with certain affiliates of JPM, and I understand that certain affiliates of JPM are holders of prepetition first lien debt issued by the Debtors.

14.     As noted in the Declaration of Lorraine DiSanto in Accordance with Local Bankruptcy Rule 1007-2, Chase Paymentech Solutions, LLC ("**Paymentech**"), is one of the Debtors' credit card merchant processors.  Paymentech is not a Dechert client.

---

[9]     A copy of the Lehman Waiver is available upon request from the Court or appropriate parties in interest.

15.     Dechert understands that Paymentech is a wholly-owned subsidiary of JPM.  Dechert does not have any information regarding the management and operations of Paymentech.  Out of an abundance of caution, Dechert does not believe it can commence litigation against Paymentech in these cases.

16.     Prior to the Petition Date, Dechert advised the Debtors with respect to matters relating to Paymentech.  As it became apparent that litigation among the Debtors and Paymentech was possible, the Debtors retained Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"), to represent the Debtors in the event any litigation is commenced by or against Paymentech in these cases.  To prevent duplication in efforts, in consultation with the Debtors, Quinn Emanuel will be primarily responsible for matters relating to Paymentech throughout these cases, including taking the lead with respect to any consensual negotiations with Paymentech.  However, given Dechert's proposed role as general corporate and bankruptcy counsel to the Debtors, Dechert would be kept apprised of the status of such matters and may participate in negotiations with Paymentech, Quinn Emanuel, and the Debtors.

17.     To the best of my knowledge and information, none of the entities listed in Annex 2 or described above represents more than 1.0% of Dechert's annual revenues over the past twelve months.

18.     In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Dechert and (i) the U.S. Trustee or any person employed by the Office of the U.S. Trustee for Region 2, serving the Southern District of New York, (ii) any attorneys, accountants, or financial consultants in the Chapter 11 Cases, or (iii) any investment bankers that represent the Debtors or claimants or other parties in

interest in these chapter 11 cases, except as set forth herein.  As part of its practice, Dechert

appears in cases, proceedings, and transactions involving many different attorneys, accountants,

financial consultants, and investment bankers, some of which now or may in the future represent

claimants and other parties in interest in this case.  Dechert has not represented, and will not

represent, any of such parties in relation to the Debtors or their Chapter 11 Cases.  Dechert does

not have any relationship with any such attorneys, accountants, financial consultants, or

investment bankers that would be adverse to the Debtors or their estates.

19.     Additionally, and as discussed herein, Dechert has represented, and may

currently represent, entities which may in the future hold certain of the Debtors' debt or

securities in beneficial accounts on behalf of unidentified parties.  Dechert represents numerous

entities in unrelated matters that may buy and/or sell debt or securities of chapter 11 debtors.

20.     Despite the efforts described herein to identify and disclose Dechert's

connections with the parties in interest in these Chapter 11 Cases, Dechert is unable to state with

certainty that every relationship or connection has been disclosed.  In this regard, Dechert will

continue to apply the Firm Disclosure Procedures as additional information concerning entities

having a connection with the Debtors is developed and will endeavor to file appropriate

supplemental disclosure with the Court consistent with its duties to disclose connections with

parties in interest.

## DECHERT IS DISINTERESTED

21.     Based on the foregoing, insofar as I have been able to ascertain after

diligent inquiry, I believe Dechert does not hold or represent any interest adverse to the Debtors'

estates in the matters upon which Dechert is to be employed, and Dechert is "disinterested" as

such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b)

of the Bankruptcy Code.

10

## DECHERT'S RETAINER, RATES, AND BILLING PRACTICES

22.     Dechert is not a creditor of the Debtors.  During the 12 month period prior to the commencement of these cases, Dechert received an aggregate of $3,067,643.81 (including an advance retainer) for professional services performed and reimbursement of expenses incurred in connection with Dechert's representation of the Debtors.  Within the 90 days prior to the Petition Date, Dechert received $2,106,483.13 from the Debtors, including a $400,000 advance retainer.  As of the Petition Date, Dechert holds approximately $375,000 of the advance retainer, subject to continuing reconciliation.  This retainer has not been fully exhausted since the initial deposit was made on December 9, 2011.  Dechert intends to apply such retainer to any outstanding amounts relating to the period prior to the Petition Date which were not processed through Dechert's billing system as of the Petition Date, and to retain the balance on account of services rendered and expenses incurred subsequent to the Petition Date, for application upon entry of any final fee application granted in these cases.

11

23.     Set forth below is a chart describing invoices and payments received by

Dechert from the Debtors within 90 days prior to the Petition Date:

| Dates of Service | Invoice Date | Billed Amount | Retainer Balance After Invoice | Payment Date | Payment Amount | Retainer Balance After Payment |
|---|---|---|---|---|---|---|
| 12/13/2011 to 12/31/2011 | 1/5/2012 | $136,240.12 | $263,759.88 | 1/9/2012 | $136,240.12 | $400,000.00 |
| 1/1/2012 to 1/20/2012 | 1/23/2012 | $318,035.02 | $81,964.98 | 1/27/2012 | $318,035.02 | $400,000.00 |
| 12/16/2011 to 2/5/2012 | 2/8/2012 | $232,072.38 | $167,927.62 | 2/10/2012 | $232,072.38 | $400,000.00 |
| 2/1/2012 to 2/21/2012 | 2/28/2012 | $389,011.19 | $10,988.81 | 3/2/2012 | $389,011.19 | $400,000.00 |
| 2/9/2012 to 3/9/2012 | 3/13/2002 | $381,472.12 | $18,527.88 | 3/22/2012 | $381,472.12 | $400,000.00 |
| 2/23/2012 to 3/25/12 | 3/26/2012 | $299,652.30 | $100,347.70 | 3/28/2012 | $299,652.30 | $400,000.00 |
| Advance Payment | 3/26/2012 | $200,000.00 | $600,000.00 | 3/28/2012 | $200,000.00 | $600,000.00 |
| Advance Payment | 3/29/2012 | $150,000.00 | $750,000.00 | 3/30/2012 | $150,000.00 | $750,000.00 |
| Reconciled through 4/2/2012 | | $375,153.79 | $374,846.21 | | | $374,846.21 |

24.     Dechert intends to charge the Debtors for services rendered in these

Chapter 11 Cases at Dechert's normal hourly rates in effect at the time the services are rendered.

Dechert's current customary hourly rates, subject to change from time to time, are $570 to

$1,060 for partners and counsel, $395 to $685 for associates, and $145 to $315 for

paraprofessionals.  Dechert will provide notice to all parties of any periodic rate increases.

25.     Dechert also intends to seek reimbursement for expenses incurred in

connection with its representation of the Debtors in accordance with Dechert's normal

reimbursement policies, subject to any modifications to such policies that Dechert may be

required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy

Rules, Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 established by the U.S. Trustee (the "**Guidelines**"), and other orders of this Court ("**Orders**"). Dechert's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Dechert will charge $0.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Dechert believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Dechert in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees. Dechert will not charge for secretarial overhead or for the fees charged by any summer associates that may work on matters charged to the Debtors' estates.

26.     No promises have been received by Dechert, or any member, counsel, or associate thereof, as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines, Orders, and the Engagement Letter between the Debtors and Dechert. Dechert has no agreement with any other entity to share with such entity any compensation received by Dechert or by such entity.

27.     The Debtors' Application requests approval of its retention of Dechert on rates, terms, and conditions consistent with what Dechert charges non-chapter 11 debtors, namely, prompt payment of Dechert's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the

actual cost where the actual cost is not easily ascertainable.  Subject to these terms and

conditions, Dechert intends to apply pursuant to section 330 of the Bankruptcy Code, for

allowances of compensation for professional services rendered in these Chapter 11 Cases and for

reimbursement of actual and necessary expenses incurred in connection therewith in accordance

with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules,

and the Guidelines.

## COORDINATION WITH OTHER PROFESSIONALS FOR THE DEBTORS

28.     Dechert is aware that the Debtors have submitted, or intend to submit,

applications to retain other professionals and advisors.  Dechert intends to carefully monitor and

coordinate efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will

clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

29.     The foregoing constitutes the statement of Dechert pursuant to sections

327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

30.     I declare under 28 U.S.C. § 1746 that, to the best of my knowledge, and

after reasonable inquiry, the foregoing is true and correct.

Dated:      New York, New York
            April 12, 2012

                                        /s/  Michael J. Sage
                                        Michael J. Sage

14

<u>**Annex 1**</u>

<u>**Parties Subject to Conflicts Check**</u>

<u>**Debtors**</u>

Velo Holdings, Inc.
V2V Holdings LLC
Coverdell & Company, Inc.
LN, Inc.
FYI Direct Inc.
Vertrue LLC
Idaptive Marketing LLC
My Choice Medical Holdings, Inc.
Adaptive Marketing LLC
Interactive Media Group (USA) Ltd.
Brand Magnet, Inc.
Neverblue Communications, Inc.
Interactive Media Consolidated Inc.
V2V Corp.

<u>**Non-Debtor Affiliates of Debtors**</u>

FYI Direct Canada Corporation
Adaptive Affinity Ltd.
Adaptive Affinity Sarl
Discount Development Services LLC
Uni-Care, Inc.
MemberWorks Canada LLC
Coverdell Canada Corp.
MemberWorks CA Travel Services Inc.
MemberWorks Canada Services, Inc.
Edaptive Marketing LLC
FreeScore LLC
Interactive Voice Media New Jersey LLC
3091224 Nova Scotia Company
3241563 Nova Scotia Company
Neverblue Holdings L.P.
Neverblue Media Company
Neverblue Asia Limited
Send Interactive Media Inc.
Redwillow Media Inc.
Playboost Media Inc.
Neverblue Europe B.V.
Mobile Direct Media Inc.

## Litigation Adversaries

Alexander B. Meshkin
Amber Tulbert
Amy Glass
Andrew Perlmutter
Arline Rosenzweig
Ashley Mitchell
Attorney General - State of New York
Bonnie Douthitt
Bruce Keithly
Claire Teasley
Consumerinfo.com, Inc.
Cynthia Burrell
Daniel Pilgrim
Debby Limon
Deloris Gordon
Denise Baxter
Diana Ramirez
Donovan Lee
Edith Anna Cramer
Elizabeth Loeper
Evelyn Ackbarali
Frederick French
Intelius Inc.
Intelius Sales Company, LLC
Intelius Sales LLC
Jammie McKay
John Walters
Kevin Stout
Laurel Hudson
Laurence D. Paskowitz
Margaret Wike
Mary Beth Zorn
Matthew Bebbington
Michael Limon
Michael Waslin
Miles-Kevin Baron
Monica Albano
Patricia Gucker
Patrick Kirlin
Phyllis Callahan
Preston Smith
Reed Elsevier, Inc.
Reid Sedik
Rise M. Sheehan

Rita Smith
State of Iowa
Susan Smith Hager
Tari Faulk
Thomas J. Miller, Attorney General of Iowa
Workers Credit Union

## Directors, Officers, and Certain Other Employees

Andrew Millet
Christian Ahrens
Ed Daniels
Gary Johnson
George Thomas
Hakan Lindskog
Henry H. Briance
James W. Koven
Jeff Paradise
John Eisenstein
Lorraine DiSanto
Michael Schmidt
Paul Bartlett
Vincent DiBenedetto
William Collins
William Mirbach

## Equity Holders of Velo Holdings, Inc. (parent Debtor)

Andrew Millet
Best Benefits, Inc.
Brencourt BD, LLC
Brencourt Credit Opportunities Master Ltd.
Brian Branchick
Bruce Douglas
Bryan McCann
Chris Ardnt
Christine Verderber
David Putnam
David Schachne
Deborah Podrazo
Donald Wittman
Douglas Bedard
Eric Gerritsen
Gary Johnson
Geoffrey Huntting
George Thomas

Gina Lafferty
Gregg Steward
Heath Grayson
Henry William Mirbach
James Frey
Jay Sung
Jean DaRold
Jeanne Perry
Jeff Paradise
Joan Wharton
Jon Einstein
Kathy Lannen
Kathy Tuite
Kenneth S. Gorden
Loren Ambrose
Lorraine DiSanto
Maurice Musilli
Michael Schmidt
Mireille DeBruycker
Monica Albano
OEP II Co-Investors, L.P.
OEP II Partners Co-Invest, L.P.
One Equity Partners II, L.P.
Pamela Cohen
Patricia Hamlin
Philip Sandler
Rho Ventures V Affiliates LLC
Rho Ventures V L.P.
Rita DiPalma
Samara Jaffee
Tiffany Bennett-Jester
V2V Holdings Inc.
Vincent DiBenedetto


**Top Unsecured Creditors**

Aegon Financial Services Group, Inc.
Affiliated Computer Services, Inc.
American International Group, Inc.
Bank of America Corp.
Citibank, N.A.
Combined Insurance Company of America
CSIdentity Corporation
Gofreecredit.com
Google, Inc.

Hanover Insurance Group, Inc.
Interra Information Technologies, Inc.
Iowa Attorney General
IPSoft Incorporated
JPMorgan Chase & Co.
Livebridge Inc.
Magnet Media, Inc.
Margaret Wike
Microsoft Corp.
Monumental Life Insurance Company
Mylife.com
Office of the New York State Attorney General
Sabre Holdings
Skadden Arps Slate Maegher & Flom LLP
Sogetti USA, LLC
Spendonlife
Suntrust Banks Inc.
Ticket Software LLC
Transunion Interactive, Inc.
Yahoo! Inc.
Zurich North America

**<u>Secured Lenders Known To Debtors</u>**

Absalon II Limited
AIG Global Investment Corporation
AIMCO CLO Series 2005-A
AIMCO CLO Series 2006-A
Airlie Opp Capital
Airlie Opportunity Capital Management LP
Allstate Insurance Company
Allstate Insurance Company (Master)
Allstate Life Insurance Company
Alterra Bermuda Limited
Avery Street CLO Limited
Babson Capital Management LLC
Bank of America
Barclays Bank PLC
Battalion CLO 2007-I Limited
Big River Group Fund SPC Limited
Brigade Capital Management LLC
Brigade Credit Fund II Limited
Brigade Leveraged Capital Structures Fund Limited
Brown Brothers Harriman & Company
Camulos Loan Vehicle 1 Limited
CCP Acquisition Holdings LLC

CCP Credit Acquisition Holdings LLC
Centerbridge Hedge
Centerbridge Hedge Advisors LLC
Centerbridge Special Credit Partners LP
Chase Lincoln First Commercial Corporation
CIFC Investment Management LLC
Clear Lake CLO Limited
CNA Financial Institution
Commonwealth International Fixed Interest Fund 5
Diamond Lake CLO Limited
Eaton Vance Management
Emerson Place CLO Limited
Empyrean Investments LLC
Feingold O'Keefe LLC
Feingold O'Keeffe Capital
Feingold O'Keeffe Distressed Loan Master Fund Limited
Feingold O'Keeffe Master Fund Limited
General Electric Capital Corporation
Global Indemnity (Cayman) Limited
GN3 SIP Limited
GoldenTree 2004 Trust
GoldenTree Asset Management LP
GoldenTree Capital Opportunities LP
GoldenTree Capital Solutions Fund Financing
GoldenTree Capital Solutions Offshore Fund Financing
GoldenTree Credit Opportunities Financing I
GoldenTree Credit Opportunities Second Financing Limited
GoldenTree High Yield Value Fund Offshore (Strategic) Limited
GoldenTree High Yield Value Fund Offshore 110 Limited
GoldenTree Loan Opportunities III Limited
GoldenTree Loan Opportunities IV
GoldenTree Loan Opportunities V Limited
Goldman Sachs Global High Yield Pooled Fund
Goodwin Capital Advisers Inc
Gulf Stream Asset Management LLC
Gulf Stream Compass CLO 2002-I Limited
Gulf Stream Compass CLO 2003-1 Limited
Gulf Stream-Compass CLO 2005-1 Limited
Gulf Stream-Compass CLO 2005-II Limited
Gulf Stream-Compass CLO 2007 Limited
Gulf Stream-Rashinban CLO 2006-I Limited
Gulf Stream-Sextant CLO 2006-1 Limited
Gulf Stream-Sextant CLO 2007-1 Limited
HFR DS Feingold O'Keeffe Master Trust
HFR RVA Feingold O'Keeffe Master Trust
Highbridge Capital Management LLC

Highbridge International LLC
Jefferies Capital Management
John Hancock
JPMorgan Chase Bank NA
Lehman Commercial Paper Inc
Liberty Mutual Surety
LightPoint Capital Management LLC
Lime Street CLO Limited
Lockheed Martin Corporation Master Retirement Trust
Lockheed Martin Investment Management Company
Loews Corporation (Master)
Los Angeles County Employee Retirement Association/Brigade
Macquarie Investment Management Limited In Its Capacity As Responsible Entity For The
Macquarie High Yield Bond Fund
Macy's, Inc. Defined Benefit Plans Master Trust (Wellington)
Mc Funding Limited
MJX Asset Management LLC
Monroe Capital Advisors LLC
Neptune Finance CCS Limited
Neuberger Berman LLC
Nob Hill CLO II Limited
Nob Hill CLO Limited
Nuveen Floating Rate Income Fund
Nuveen Senior Income Fund
Oberhausen Sarl
Oregon Public Employees Retirement Fund
Phoenix Wealth Management
Pioneer Floating Rate Fund
Pioneer Investment Management, Inc.
Pioneer Strategic Income Fund
Princeton Advisory Group, Inc
Public Employees Retirement Systems Public Employees Retirement System of Ohio
Redwood Capital Management
Redwood Master Fund Limited
Riva Ridge Capital Management LP
Riva Ridge Master Fund Limited
Rosedale Clo Limited
Sac Capital Advisors, LLC
SAC Domestic Capital Funding Limited
SAC Offshore Capital Funding Limited
Seneca Capital LP
Seneca Capital Management (Master)
St James River CLO Limited
Stellar Performer Global Series W-Global Credit
Summit Lake CLO Limited
SunAmerica Income Funds

SunAmerica Senior Floating Rate Fund
Symetra Life Insurance Company
Symphony Asset Management LLC
Symphony CLO I Limited
Symphony CLO II Limited
Symphony CLO III Limited
Symphony CLO IV Limited
Symphony CLO V Limited
Symphony CLO VI Limited
Symphony Credit Opportunities Fund Limited
Tiff Advisory Services
Tiff Multi-Asset Fund
Trimaran Advisors LLC
Trimaran CLO IV Limited
Trimaran CLO V Limited
Trimaran CLO VI Limited
Trimaran CLO VII Limited
Trustees Of Dartmouth College
UMC Benefit Board Inc
Unipension Invest FMBA High Yield Obligationer
Valic Company II High Yield Bond Fund
Veer Cash Flow CLO Limited
Venture II CDO 2002 Limited
Venture III CDO Limited
Venture IV CDO Limited
Venture V CDO Limited
Venture VI CDO Limited
Venture VII CDO Limited
Venture VIII CDO Limited
Victoria Falls CLO Limited
Virtus Multi-Sector Fixed Income Fund
Virtus Partners Inc
Virtus Senior Floating Rate Fund
VVIT Virtus Multi-Sector Fixed Income Series
WCAS Fraser Sullivan Investment Management Llc
Wellington Management Company LLP
Wellington Management Portfolios (Dublin) plc - US$ Core High Yield Bond Portfolio
Wellington Trust Company National Association Multiple Common Trust Funds Trust -
Opportunistic Fixed Income Allocation Portfolio
Wilmington Trust, N.A.

**Agents for Secured Lenders**

Barclays Bank PLC
Wilmington Trust, N.A.

**Other Secured Parties**

American Express
Chase PaymenTech LLC
Discover
Ikon Financial Svcs
IOS Capital
Liberty Mutual Surety

**Credit Card Companies / Processors**

Chase PaymenTech LLC
Visa
Mastercard
American Express
Discover

**Depository Institutions**

Bank of America
Citibank
JP Morgan Chase
PayPal
Private Bank
Royal Bank of Canada
Wachovia
Wells Fargo

**Key Vendors**

Aegon Financial Services
AIG, Domestic A&H Division
America Online Inc.
Banc of America Ins Svcs Inc.
Beech Street Physicians
Broadmoor Hills LLC
Combined Insurance (McNichols)
Comdata Network Inc.
Conde & Cohen, P.L.
Confi-Chek
Consumer Source LLC
Consumertrack, Inc.
Data-Mail, Inc.
Dell Marketing L.P.
Global Contact Services
Google Inc.

Greenberg Traurig
Interra Information Technologies
Ipsoft Inc.
J.P. Morgan Securities LLC
Lehman Commercial Paper, Inc.
Liberty Mutual Surety
Livebridge Inc.
Liveops, Inc.
Magnet Media, Inc.
Merritt River Commercial, LLC
Michael Edwards Direct, Inc.
Michael Jacobson DBA Media Nova LLC
Microsoft Online Inc.
Mylife.com, Inc.
National Cable Commun., LLC
One Technologies Ltd A/B/A
Potpourri Group Inc.
Quality Resources, Inc.
Skadden Arps Slate Meagher & Flom LLP
Sogetti USA, LLC
Special Data Processing Corp.
Strategic E. Inc.
Suntrust Insurance Services
T&H Brokers Inc.
Ticket Software LLC
Transunion Interactive Inc.
Travelocity.com
Trulia, Inc.
Verifi, Inc.
Verizon Network Integration
Wachovia Ins Agency - Dir Distr
Wal Mart Stores, Inc.
West Teleservices
Yahoo!, Inc.

**Material Contract Counterparties**

1801 McGill College Avenue
3630013 Canada Inc.
3630013 Canada Inc.
51561 B.C. Ltd.
A&A Drug, Inc.
AdvancePCS Health, L.P.
Akmg Inc.
Allstate Investments, LLC
Allstate Investments, LLC

American Family Life Assurance Company of Columbus
American Footcare Network
American Guarantee and Liability Insurance Company
American Zurich Insurance Company
Amita Limited, LLC
Bakers Life & Casualty Company
Banco Popular North America
Bank of America
Bank of the West
Banque Nationale du Canada
Beech Street Corporation
Best Benefits
Blue Cross and Blue Shield of Illinois
Blue Cross and Blue Shield of Illinois
Branch Banking and Trust Company
Broadmoor Hills, L.L.C.
BW Insurance Agency, Inc.
CaremarkPCS Health, L.P.
Chartered Benefit Services, Inc.
Chartis
Chubb & Son
Combined Insurance Company of America
Comerica Insurance Services, Inc.
Compass Bancshares Insurance Agency of Florida, Inc.
Compass Bancshares Insurance, Inc.
Compass Bank
Compass Insurance Agency, Inc.
ComPsych Corporation
Consolidated Legal Concepts, Inc.
Consult A Doctor, Inc.
Consumer Health Alliance
Corporation MemberWorks Canada
CSN Insurance Agency, Inc.
Decision Systems Plus, Inc.
Dental Network of America, Inc.
Direct Response Insurance Administrative Services, Inc.
Fair Isaac Corporation
Global Contact Services, LLC
Global Contact Services, LLC
Grand Incentives, Inc.
Health Benefit Services, Inc.
Health Contact Partners, Inc.
Healthcare Networks of America, Inc.
Hudson's Bay Company
Intersections Insurance Services, Inc.
JBC Funds Triangle Plaza LLC

JBC Funds Triangle Plaza LLC
Joinrich (HK) Investment Limited
KeyBank National Association
KeyCorp Insurance Agency USA, Inc.
Lanwatcher, Inc.
Lifeguard Emergency Travel, Inc.
Member Benefits Corporation
MemberWorks Canada Corporation
MemberWorks Canada Services, Inc.
MemberWorks Incorporated
Merritt River Commercial LLC
Message Technologies, Inc.
Michael Edwards Direct, Inc.
Monumental Life Insurance Company
Monumental Life Insurance Company - Direct Response Division
mymedicalrecords.com, Inc.
National City Corporation
National City Insurance Group, Inc.
National Ear Care Plan
National Education Association of the United States of America
National Eldercare Referral Systems, Inc.
National Union Fire Insurance Company of Pittsburgh
New Benefits, Ltd.
PCCW Teleservices (US), Inc.
Popular Insurance Agency USA, Inc.
Quota-Phone, Inc.
Regus
Sav-RX Pharmacies
Stuart Sackley & CRS LLC
SunTrust Insurance Services, Inc.
The Allant Group, Inc.
Thomas L. Cardella & Associates, Inc.
TPG TeleManagement Inc.
Trans Union of Canada, Inc.
Trustwave Holdings, Inc.
UBOC Insurance Services
Unicare, Inc.
United American Insurance Company
United Marketing Group, LLC
UT Business Centre
Vendesco, Inc.
Venture Connections, Inc.
Wachovia
Wells Fargo
Zellers Inc.
Zurich American Insurance Company

Zurich American Insurance Company of Illinois

**Professionals Involved In Cases**

Alvarez & Marsal
Cohen and Wolf, P.C.
Dechert LLP
Epiq
FTI Consulting Inc.
Greenberg Traurig LLP
Houlihan Lokey
Jackson Lewis LLP
Kirkland & Ellis LLP
PricewaterhouseCoopers LLP
Savvian
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP
Wiggin and Dana LLP
Willkie Farr & Gallagher LLP

**Landlords**

Allstate Investments, LLC
Regus
Merritt River Commercial LLC
Broadmoor Hills, LLC
Amita Limited, LLC
Stuart Sackley & CRS LLC

**Utility Providers**

Airband Communications, Inc.
ASCAP
AT&T Inc.
AT&T Mobility IL, LLC
Business Only Broadband (BOB LLC)
Cablevision Lightpath Inc.
Cablevision Systems Corp.
Centurylink, Inc.
Charter Communications, Inc.
City of El Segundo
Comcast Cable Communications, Inc.
Comcast Spotlight, Inc.
Commonwealth Edison Company
COX Business Services LLC
COX Communications, Inc.

COX Digital Solutions, LLC
CRS LLC (landlord)
DEX Media West LLC
J2 Global Communications, Inc.
JConnect Service
MCI Worldcom Communications, Inc.
Message Technologies, Inc.
MotherG
Primus Telecommunications Group, Inc.
Southern California Edison Company
Sprint Nextel Corporation
Talx Corporation
Talx UC Express
The Gas Company
Time Warner
Time Warner Cable Inc.
Towerstream
Towerstream Corporation
Verizon 6568
Verizon Business Global LLC
Verizon California Inc.
Verizon Communications Inc.
Verizon Network Integration Corp.
Verizon New York Inc.
Veronica Linare
Windstream Corporation

## Insurance Carriers & Brokers

ACE American Insurance Company
ACE European Group Ltd.
ACE USA
AXIS Insurance Company
Beazley Insurance Company
Catlin Specialty Insurance Company
Chubb Group of Insurance Companies
Chubb Insurance Company of Canada
Executive Risk Specialty Insurance Co.
Federal Insurance Company
Hartford Fire Insurance Co.
Hartford Insurance Company
Hartford Insurance Group
HKMB HUB International Limited
Indian Harbor Insurance Company
Insurance Company of the West
Monumental Life Insurance Company - Direct Response Division

National Union Fire Insurance Company of Pittsburgh, Pa.
Navigators Ins. Co.
RSUI Indemnity Company
T&H Brokers, Inc.
The Hartford Insurance

**Taxing Authorities**

Alabama Department of Revenue
Comptroller of Public Accounts - Texas
Connecticut Department of Revenue Services
Delaware Secretary of State
Department of Taxation
Douglas County Treasurer
Franchise Tax Board - California
Georgia Department of Revenue
Illinois Department of Revenue
Internal Revenue Service
Kentucky Department of Revenue
Nebraska Department of Revenue
Norwalk Department of Finance - Tax Collector
Office of the Secretary of State - Georgia
Oklahoma Tax Commission
Pennsylvania Department of Revenue
South Carolina Department of Revenue
State Department of Taxation and Finance - New York
State of New Jersey Division of Taxation
Tennessee Department of Revenue

**Judges of the United States Bankruptcy Court
For the Southern District of New York**

Bernstein
Chapman
Drain
Gerber
Glenn
Gropper
Lane
Lifland
Morris
Peck

**Fiduciary Account Holders**

Aegon Insurance

AIG Insurance
American Guarantee and Liability Insurance Company
American Zurich Insurance Company
BA Insurance Services, Inc.
Balboa Insruance
Monumental Life Insurance Company
National Union Fire Insurance Company of Pittsburgh, Pa.
Stonebridge Life Insurance Company, Inc.
Transamerica Financial Life Insurance Company
Transamerica Life Insurance Company
United American Insurance Company
Zellers Inc.
Zurich American Insurance Company
Zurich American Insurance Company of Illinois

**<u>Government Licensors</u>**

Connecticut Insurance Department
Delaware Department of Insurance
Florida Office of Insurance Regulation
Illinois Department of Insurance
Indiana Department of Insurance
Kansas Insurance Department
Louisiana Department of Insurance
Maryland Insurance Administration
Missouri Department of Insurance
Montana Office of the Commissioner of Securities and Insurance
Nebraska Department of Insurance
Nevada Division of Insurance
New Hampshire Insurance Department
Oklahoma Insurance Department
Oregon Department of Consumer and Business Services
Rhode Island Department of Business Regulation
South Carolina Department of Insurance
Tennessee Department of Commerce and Insurance
Texas Department of Insurance
Utah Insurance Department
Washington State Office of the Insurance Commissioner
West Virginia Offices of the Insurance Commissioner

**Annex 2**

**Match List**

| Matched Entity | Relationship to Debtors | Relationship to Dechert |
|---|---|---|
| ACE American Insurance Company | Insurance Carrier | Affiliate of Current Client |
| ACE European Group Ltd. | Insurance Carrier | Affiliate of Current Client |
| ACE USA | Insurance Carrier | Affiliate of Current Client |
| Admob | Vendor, Material Contract Counterparty | Affiliate of Current Client |
| Aegon Financial Services | Vendor | Affiliate of Current Client |
| Aegon Financial Services Group, Inc. | Top 30 Unsecured | Affiliate of Current Client |
| Aegon Insurance | Fiduciary Account Holder | Affiliate of Current Client |
| Affiliated Computer Services, Inc. | Top 30 Unsecured | Affiliate of Current Client |
| AIG Global Investment Corporation | Secured Lenders | Current Client |
| AIG Insurance | Fiduciary Account Holder | Affiliate of Current Client |
| AIG, Domestic A&H Division | Vendor | Affiliate of Current Client |
| Allstate Insurance Company | Secured Lenders | Current Client |
| Allstate Investments, LLC | Material Contract Counterparty | Current Client |
| Allstate Life Insurance Company | Secured Lenders | Affiliate of Current Client |
| Alterra Bermuda Limited | Secured Lenders | Affiliate of Current Client |
| American Express | Other Secured Party | Former Client |
| American Zurich Insurance Company | Material Contract Counterparty | Affiliate of Current Client |
| AT&T Inc. | Utility Provider | Affiliate of Former Client |
| AT&T Mobility IL, LLC | Utility Provider | Affiliate of Former Client |
| Axis Insurance Company | Insurance Party | Affiliate of Current Client |
| BA Insurance Services, Inc. | Fiduciary Account Holder | Affiliate of Current Client |
| Babson Capital Management LLC | Secured Lenders | Current Client |
| Balboa Insurance Co. | Insurance Carrier | Affiliate of Current Client |
| Banc of America Ins Svcs Inc. | Vendor | Affiliate of Current Client |
| Banco Popular North America | Material Contract Counterparty | Affiliate of Current Client |
| Bank of America Corporation | Secured Lenders, Bank Accounts, Material Contract Counterparty, Vendor, Top 30 Unsecured | Current Client |
| Bank of America N.A. | Vendor | Current Client |
| Bank of America N.A. - Charlotte Branch | Secured Lenders | Affiliate of Current Client |

| Bank of the West | Material Contract Counterparty | Affiliate of Current Client |
|---|---|---|
| Barclays Bank PLC | Secured Lenders | Current Client |
| Beech Street Corporation | Material Contract Counterparty | Affiliate of Current Client |
| Beech Street Physicians | Vendor | Affiliate of Current Client |
| Blue Cross and Blue Shield of Illinois | Vendor, Material Contract Counterparty | Affiliate of Current Client |
| Branch Banking and Trust Company | Material Contract Counterparty | Current Client |
| Brencourt BD, LLC | Equity Holder | Affiliate of Current Client |
| Brencourt Credit Opportunities Master Ltd. | Equity Holder | Affiliate of Current Client |
| Brigade Capital Management LLC | Secured Lenders | Affiliate of Current Client |
| Brigade Credit Fund II Limited | Secured Lenders | Affiliate of Current Client |
| Brigade Leveraged Capital Structures Fund Limited | Secured Lenders | Affiliate of Current Client |
| Brown Brothers Harriman & Co. | Secured Lenders | Current Client |
| BW Insurance Agency, Inc. | Vendor, Material Contract Counterparty | Affiliate of Current Client |
| Cablevision Lightpath, Inc. | Utility Provider | Affiliate of Current Client |
| Cablevision Systems Corp. | Utility Provider | Affiliate of Current Client |
| CaremarkPCS Health, L.P. | Material Contract Counterparty | Affiliate of Former Client |
| Centerbridge Hedge Advisors LLC | Secured Lenders | Current Client |
| Centerbridge Special Credit Partners LP | Secured Lenders | Affiliate of Current Client |
| Charter Communications, Inc. | Utility Provider | Affiliate of Former Client |
| Christian Ahrens | D&O | Current Client |
| Chubb & Son | Material Contract Counterparty | Affiliate of Current Client |
| Chubb Group of Insurance Companies | Insurance Party | Affiliate of Current Client |
| Chubb Insurance Company of Canada | Insurance Carrier | Affiliate of Current Client |
| Citibank, N.A. | Bank Accounts, Top 30 Unsecured | Affiliate of Current Client |
| Clear Lake CLO Limited | Secured Lenders | Affiliate of Current Client |
| Comcast Cable Communications, Inc. | Utility Provider | Affiliate of Current Client |
| Comcast Spotlight, Inc. | Utility Provider | Affiliate of Current Client |
| Comdata Network Inc. | Vendor | Affiliate of Current Client |
| Comerica Insurance Services, Inc. | Material Contract Counterparty | Affiliate of Former Client |
| Commonwealth Edison Company | Utility Provider | Affiliate of Former Client |
| Commonwealth International Fixed | Secured Lenders | Affiliate of Current Client |

| | | |
|---|---|---|
| Interest Fund 5 | | |
| Compass Bancshares Insurance Agency of Florida, Inc. | Material Contract Counterparty | Affiliate of Current Client |
| Compass Bancshares Insurance, Inc. | Material Contract Counterparty | Affiliate of Current Client |
| Compass Bank | Material Contract Counterparty | Affiliate of Current Client |
| Compass Insurance Agency, Inc. | Vendor, Material Contract Counterparty | Affiliate of Current Client |
| Consumer Source LLC | Vendor | Affiliate of Current Client |
| Corporation MemberWorks Canada | Material Contract Counterparty | Affiliate of Current Client |
| Cox Business Services LLC | Utility Provider | Affiliate of Current Client |
| Cox Communications, Inc. | Utility Provider | Affiliate of Current Client |
| Cox Digital Solutions, LLC | Utility Provider | Affiliate of Current Client |
| CSIdentity Corporation | Top 30 Unsecured | Affiliate of Current Client |
| Dell Marketing L.P. | Vendor | Affiliate of Current Client |
| Diamond Lake CLO Limited | Secured Lenders | Affiliate of Current Client |
| Eaton Vance Management | Secured Lenders | Current Client |
| ESPN Inc. | Vendor | Affiliate of Current Client |
| Executive Risk Specialty Insurance Co. | Insurance Carrier | Affiliate of Current Client |
| Federal Insurance Company | Insurance Party | Affiliate of Current Client |
| Gary A. Johnson | D&O, Equity Holder | Current Client |
| General Electric Capital Corporation | Secured Lenders | Current Client |
| Goldentree 2004 Trust | Secured Lenders | Affiliate of Current Client |
| Goldentree Asset Management LP | Secured Lenders | Current Client |
| Goldentree Capital Opportunities LP | Secured Lenders | Affiliate of Current Client |
| Goldentree Capital Solutions Fund Financing | Secured Lenders | Affiliate of Current Client |
| Goldentree Capital Solutions Offshore Fund Financing | Secured Lenders | Affiliate of Current Client |
| Goldentree Credit Opportunities Financing I | Secured Lenders | Affiliate of Current Client |
| Goldentree Credit Opportunities Second Financing Limited | Secured Lenders | Affiliate of Current Client |
| Goldentree High Yield Value Fund Offshore (Strategic) Limited | Secured Lenders | Affiliate of Current Client |
| Goldentree High Yield Value Fund Offshore 110 Limited | Secured Lenders | Affiliate of Current Client |
| Goldentree Loan Opportunities III Limited | Secured Lenders | Affiliate of Current Client |
| Goldentree Loan Opportunities IV | Secured Lenders | Affiliate of Current Client |

| | | |
|---|---|---|
| Goldentree Loan Opportunities V Limited | Secured Lenders | Affiliate of Current Client |
| Goldman Sachs Global High Yield Pooled Fund | Secured Lenders | Affiliate of Current Client |
| Google, Inc. | Vendor, Top 30 Unsecured | Current Client |
| Gulf Stream Asset Management | Secured Lenders | Affiliate of Former Client |
| Hartford Fire Insurance Co. | Insurance Party | Affiliate of Current Client |
| Hartford Insurance Company | Insurance Carrier | Affiliate of Current Client |
| Hartford Insurance Group | Insurance Carrier | Affiliate of Current Client |
| HKMB HUB International Limited | Insurance Broker | Affiliate of Current Client |
| Houlihan Lokey | Professionals | Affiliate of Current Client |
| Ikon Financial Svcs | Lienholder | Affiliate of Current Client |
| IOS Capital | Lienholder | Affiliate of Current Client |
| Ipsoft Inc. | Vendor | Former Client |
| IPSoft Incorporated | Top 30 Unsecured | Affiliate of Former Client |
| J.P. Morgan Securities LLC | Vendor | Current Client |
| Jefferies Capital Management | Secured Lenders | Affiliate of Current Client |
| John Hancock | Secured Lenders | Current Client |
| JPMorgan Chase & Co. | Top 30 Unsecured | Current Client |
| JPMorgan Chase Bank N.A. | Bank Accounts, Secured Lenders | Current Client |
| Jump Tap 24/7 | Vendor | Affiliate of Former Client |
| Jumptap | Vendor | Affiliate of Former Client |
| KeyBank National Association | Material Contract Counterparty | Current Client |
| KeyCorp Insurance Agency USA, Inc. | Vendor, Material Contract Counterparty | Affiliate of Current Client |
| Lehman Commercial Paper, Inc. | Secured Lenders, Vendor | Affiliate of Current Client |
| Liberty Mutual Surety | Other Secured Party, Top 5 Secured, Vendor, Secured Lenders | Affiliate of Current Client |
| Lightpoint Capital Management LLC | Secured Lenders | Affiliate of Current Client |
| Livebridge Inc. | Vendor, Top 30 Unsecured | Affiliate of Current Client |
| Lockheed Martin Corporation Master Retirement Trust | Secured Lenders | Affiliate of Former Client |
| Lockheed Martin Investment Management Company | Secured Lenders | Affiliate of Former Client |
| Macquarie Investment Management Limited in its capacity as responsible entity for the Macquarie High Yield Bond Fund | Secured Lenders | Affiliate of Current Client |

| MCI Worldcom Communications, Inc. | Utility Provider | Affiliate of Former Client |
|---|---|---|
| MemberWorks Canada Corporation | Material Contract Counterparty | Affiliate of Current Client |
| MemberWorks Canada Services, Inc. | Material Contract Counterparty | Current Client |
| MemberWorks Incorporated | Material Contract Counterparty | Affiliate of Current Client |
| Microsoft Corp. | Top 30 Unsecured | Affiliate of Current Client |
| Microsoft Online Inc. | Vendor | Affiliate of Current Client |
| Monroe Capital Advisors LLC | Secured Lenders | Former Client |
| Monumental General Insurance Company | Vendor | Affiliate of Current Client |
| Monumental Life Insurance Company | Material Contract Counterparty, Top 30 Unsecured | Current Client |
| National Cable Commun., LLC | Vendor | Affiliate of Current Client |
| National City Corporation | Material Contract Counterparty | Affiliate of Current Client |
| National City Insurance Group, Inc. | Material Contract Counterparty | Affiliate of Current Client |
| National Union Fire Insurance Company of Pittsburgh | Material Contract Counterparty, Insurance Party | Current Client |
| Neuberger Berman LLC | Secured Lenders | Affiliate of Current Client |
| NOB Hill CLO II Limited | Secured Lenders | Affiliate of Former Client |
| NOB Hill CLO Limited | Secured Lenders | Affiliate of Former Client |
| Nuveen Floating Rate Income Fund | Secured Lenders | Affiliate of Current Client |
| Nuveen Senior Income Fund | Secured Lenders | Affiliate of Current Client |
| OEP II Co-Investors, L.P. | Equity Holder | Current Client |
| OEP II Partners Co-Invest, L.P. | Equity Holder | Current Client |
| Office of the New York State Attorney General | Top 30 Unsecured, Litigation Adversary | Affiliate of Current Client |
| One Equity Partners II, L.P. | Equity Holder | Current Client |
| PayPal | Bank Accounts | Affiliate of Former Client |
| PCCW Teleservices (US), Inc. | Material Contract Counterparty | Affiliate of Current Client |
| Phoenix Wealth Management | Secured Lenders | Current Client |
| Pioneer Floating Rate Fund | Secured Lenders | Affiliate of Current Client |
| Pioneer Investment Management, Inc. | Secured Lenders | Affiliate of Current Client |
| Pioneer Strategic Income Fund | Secured Lenders | Affiliate of Current Client |
| Potpourri Group Inc. | Vendor | Affiliate of Former Client |
| PricewaterhouseCoopers LLP | Vendor, Professionals | Former Client, Affiliate of Current Client |

| Redwood Capital Management | Secured Lenders | Affiliate of Former Client |
|---|---|---|
| Redwood Master Fund Limited | Secured Lenders | Affiliate of Former Client |
| Reed Elsevier, Inc. | Litigation Adversary | Affiliate of Former Client |
| Rho Ventures V Affiliates LLC | Equity Holder | Current Client |
| Rho Ventures V L.P. | Equity Holder | Current Client |
| Rosedale CLO Limited | Secured Lenders | Affiliate of Current Client |
| Royal Bank of Canada | Bank Accounts | Current Client |
| RSUI Indemnity Company | Insurance Party | Current Client |
| SAC Capital Advisors, LLC | Secured Lenders | Current Client |
| SAC Domestic Capital Funding Limited | Secured Lenders | Affiliate of Current Client |
| SAC Offshore Capital Funding Limited | Secured Lenders | Affiliate of Current Client |
| Seneca Capital LP | Secured Lenders | Affiliate of Former Client |
| Seneca Capital Management (Master) | Secured Lenders | Former Client, Affiliate of Current Client |
| St James River CLO Limited | Secured Lenders | Affiliate of Current Client |
| State Department of Taxation and Finance - New York | Taxing Authority | Affiliate of Current Client |
| State of New Jersey Division of Taxation | Taxing Authority | Affiliate of Current Client |
| Stonebridge Life Insurance Company, Inc. | Fiduciary Account Holder | Affiliate of Former Client |
| Summit Lake CLO Limited | Secured Lenders | Affiliate of Current Client |
| Sunamerica Income Funds | Secured Lenders | Affiliate of Current Client |
| Sunamerica Senior Floating Rate Fund | Secured Lenders | Affiliate of Current Client |
| Suntrust Banks Inc. | Top 30 Unsecured | Current Client |
| Suntrust Insurance Services | Vendor | Affiliate of Current Client |
| SunTrust Insurance Services, Inc. | Material Contract Counterparty, Vendor | Affiliate of Current Client |
| Symetra Life Insurance Company | Secured Lenders | Current Client |
| Symphony Asset Management LLC | Secured Lenders | Affiliate of Current Client |
| Symphony CLO I Limited | Secured Lenders | Affiliate of Current Client |
| Symphony CLO II Limited | Secured Lenders | Affiliate of Current Client |
| Symphony CLO III Limited | Secured Lenders | Affiliate of Current Client |
| Symphony CLO IV Limited | Secured Lenders | Affiliate of Current Client |
| Symphony CLO V Limited | Secured Lenders | Affiliate of Current Client |
| Symphony CLO VI Limited | Secured Lenders | Affiliate of Current Client |
| Symphony Credit Opportunities Fundlimited | Secured Lenders | Affiliate of Current Client |
| The Hartford Insurance | Insurance Carrier | Affiliate of Current Client |
| TIFF Advisory Services | Secured Lenders | Affiliate of Current Client |

| | | |
|---|---|---|
| TIFF Multi-Asset Fund | Secured Lenders | Affiliate of Current Client |
| Time Warner | Utility Provider | Current Client |
| Time Warner Cable Inc. | Utility Provider | Current Client |
| Transamerica Financial Life | Vendor | Affiliate of Current Client |
| Transamerica Financial Life Insurance Company | Fiduciary Account Holder | Affiliate of Current Client |
| Transamerica Life Insurance Company | Fiduciary Account Holder | Affiliate of Current Client |
| Travelocity.com | Vendor | Affiliate of Former Client |
| UBOC Insurance Services | Material Contract Counterparty | Affiliate of Current Client |
| Unicare, Inc. | Material Contract Counterparty | Affiliate of Current Client |
| Union Bank Investment Services | Vendor | Affiliate of Current Client |
| V2V Holdings Inc. | Equity Holder | Current Client |
| Valic Company II High Yield Bond Fund | Secured Lenders | Affiliate of Current Client |
| Verizon 6568 | Utility Provider | Affiliate of Current Client |
| Verizon Business Global LLC | Utility Provider | Affiliate of Current Client |
| Verizon California Inc. | Utility Provider | Affiliate of Current Client |
| Verizon Communications Inc. | Utility Provider | Current Client |
| Verizon Network Integration | Vendor | Affiliate of Current Client |
| Verizon Network Integration Corp. | Utility Provider | Affiliate of Current Client |
| Verizon New York Inc. | Utility Provider | Affiliate of Current Client |
| Viacom International INC DBA M | Vendor | Affiliate of Current Client |
| Victoria Falls CLO Limited | Secured Lenders | Affiliate of Current Client |
| Virtus Multi-Sector Fixed Income Fund | Secured Lenders | Affiliate of Current Client |
| Virtus Partners Inc. | Secured Lenders | Affiliate of Current Client |
| Virtus Senior Floating Rate Fund | Secured Lenders | Affiliate of Current Client |
| VVIT Virtus Multi-Sector Fixed Income Series | Secured Lenders | Affiliate of Current Client |
| Wachovia | Material Contract Counterparty, Bank Accounts | Current Client |
| Wachovia Ins Agency - Dir Distr | Vendor | Affiliate of Current Client |
| Wal Mart Stores, Inc. | Vendor | Former Client |
| Wellington Management Company, LLP | Secured Lenders | Current Client |
| Wellington Management Portfolios (Dublin) plc - US$ Core High Yield Bond Portfolio | Secured Lenders | Affiliate of Current Client |

| Wellington Trust Company National Association Multiple Common Trust | Secured Lenders | Affiliate of Current Client |
|---|---|---|
| Wellington Trust Company National Association Multiple Common Trust Funds Trust - Opportunistic Fixed Income Allocation Portfolio | Secured Lenders | Affiliate of Current Client |
| Wells Fargo | Material Contract Counterparty, Bank Accounts | Current Client |
| Wells Fargo Insurance, Inc. | Vendor | Affiliate of Current Client |
| Willkie Farr & Gallagher LLP | Professionals | Former Client |
| Wilmington Trust, N.A. | Secured Lenders, Top 5 Secured | Current Client |
| Yahoo!, Inc. | Vendor, Top 30 Unsecured | Former Client |
| Zurich American Insurance Company | Material Contract Counterparty | Affiliate of Current Client |
| Zurich American Insurance Company of Illinois | Material Contract Counterparty | Affiliate of Current Client |
| Zurich North America | Top 30 Unsecured | Affiliate of Current Client |
| Zurich North American Ins Co. | Vendor | Affiliate of Current Client |